Filed 11/8/22  P. v. Lavera CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>TODD LAVERA,<br><br>    Defendant and Appellant. | B316816<br><br>Los Angeles County<br>Super. Ct. No. A950222 |

APPEAL from an order of the Superior Court of Los Angeles County, Laura F. Priver, Judge. Affirmed.

Eric R. Larson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Idan Ivri and Thomas C. Hsieh, Deputy Attorneys General, for Plaintiff and Respondent.

## INTRODUCTION

In 1989, a jury convicted defendant and appellant Todd Lavera of two counts of first degree murder under a felony murder theory of liability. In 2019, he filed a petition for recall and resentencing under former Penal Code section 1170.95.[1] The trial court denied the petition, concluding that although Lavera was convicted under a felony murder theory, a review of the facts contained in the record of conviction showed, as a matter of law, he was not entitled to relief because he was a major participant in the underlying robberies who acted with reckless indifference to human life. The court made this factual determination without first issuing an order to show cause or holding an evidentiary hearing. Lavera appealed, and in case number B305936, we remanded the matter to the trial court with directions to issue an order to show cause and hold a section 1172.6, subdivision (d) evidentiary hearing to determine whether Lavera was entitled to relief. On remand, following an evidentiary hearing, the trial court denied the petition, concluding Lavera should be punished for both murders on two independent grounds: (1) as a major participant in the robberies who acted with reckless indifference to human life; and (2) as a direct aider and abettor who acted with the intent to kill. Lavera now raises several arguments why the trial court's order denying relief was erroneous. We affirm.

---

1    All undesignated statutory references are to the Penal Code. Effective June 30, 2022, the Legislature renumbered section 1170.95 to section 1172.6, with no change in text. (Stats. 2022, ch. 58, § 10.) For purposes of clarity, we refer to the statute as section 1172.6.

## PROCEDURAL BACKGROUND[2]

"In 1989, a jury convicted Lavera of the first-degree murders of David Thompson (count one) and Leopoldo Salgado (count four) based on a felony-murder theory of liability. (§ 187, subd. (a).) The jury also convicted Lavera of two counts of second degree robbery (§ 211; counts two and three), and two counts of attempted robbery (§§ 664/211; counts five and seven).[3] The jury found true the robbery murder special circumstance allegation attached to count one, and found not true the robbery murder special circumstance allegation attached to count four. The jury also found a principal was armed with a firearm in the commission of both those offenses (§ 12022, subd. (a)), in addition to finding true other allegations attached to the non-murder counts.

"Because the crimes in this case occurred in April of 1987, the jury's robbery special circumstance finding on count one required a finding that Lavera harbored an intent to kill. (See *People v. Bolden* (2002) 29 Cal.4th 515, 560 [for crimes committed between the California Supreme Court's decision in *Carlos v. Superior Court* (1983) 35 Cal.3d 131 and its October 13, 1987 decision in *People v. Anderson* (1987) 43 Cal.3d 1104, felony-murder special circumstance allegations required a finding of intent to kill regardless of whether the defendant was the actual killer or an accomplice].) However, that finding was later stricken when the prosecution conceded a failure of proof as to Lavera's

---

2      We granted Lavera's request for judicial notice of our opinion resolving his original section 1172.6 appeal in case number B305936. The following quoted text is taken from the procedural background of that opinion.

3      The trial court struck count six.

3

specific intent to kill and a motion to strike the robbery special circumstance was granted by the trial court.

"The trial court sentenced Lavera to a term of eight years and four months plus 50 years to life, which included consecutive terms of 25 years to life for each murder conviction. On direct appeal, this court affirmed the judgment while remanding the case for a modification to Lavera's sentence that is not relevant to this appeal.

"In 2019, Lavera filed a petition for resentencing under [former] section 1170.95. The trial court ordered the prosecution to file a response, appointed counsel for Lavera, and set a briefing schedule permitting Lavera's attorney to file a reply within 30 days of the prosecution filing a response."

After considering briefing from both parties, "[t]he trial court denied Lavera's petition. In its memorandum of decision, the court concluded Lavera was, as a matter of law, not entitled to relief because, based on its review of the record of conviction, the facts showed Lavera was a major participant who acted with reckless indifference to human life.

"On March 6, 2020, after the court issued its memorandum of decision, defense counsel filed a reply to the prosecution's response arguing Lavera was entitled to relief. On March 18, 2020, the trial court noted it had reviewed Lavera's reply, but did not change its ruling denying relief."

Lavera timely appealed, and in case number B305936, we remanded the matter to the trial court with directions to issue an order to show cause and hold a section 1172.6, subdivision (d) evidentiary hearing to determine whether Lavera was entitled to relief.

4

On June 3, 2021, the trial court issued an order to show cause. The prosecution filed a response, and defense counsel filed a reply. The prosecution filed a second response. At the evidentiary hearing held in October 2021, neither party presented additional evidence. The prosecution noted that it had submitted as exhibits the reporter's and clerk's transcripts from Lavera's original trial, and the court stated it would consider those exhibits in making its ruling.[4] The court permitted the parties to file supplemental briefs, defense counsel filed a supplemental brief, and the prosecution filed a response. On November 12, 2021, the trial court filed a Memorandum of Decision denying Lavera relief.

Lavera timely appealed.

## DISCUSSION

### I. Governing Law

The Legislature enacted Senate Bill 1437 (SB 1437) "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f); accord, § 189, subd. (e); *People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).)

SB 1437 also added section 1170.95 to the Penal Code which, as mentioned above, was later renumbered to section

---

4    We granted the Attorney General's request for judicial notice of the reporter's and clerk's transcripts of Lavera's original trial.

5

1170.6. (Stats. 2018, ch. 1015, § 4; Stats. 2022, ch. 58, § 10.) This section permits individuals who were convicted of felony murder or murder under a natural and probable consequences theory, but who could not be convicted of murder following SB 1437's changes to sections 188 and 189, to petition the sentencing court to vacate the conviction and resentence on any remaining counts. (§ 1172.6, subd. (a).) A petition for relief under section 1172.6 must include a declaration by the petitioner that he or she is eligible for relief based on all the requirements of subdivision (a), the superior court case number and year of the petitioner's conviction, and a request for appointment of counsel, should the petitioner seek appointment. (§ 1172.6, subd. (b)(1).)

Subdivision (c) of section 1172.6 provides: "Within 60 days after service of a petition that meets the requirements set forth in subdivision (b), the prosecutor shall file and serve a response. The petitioner may file and serve a reply within 30 days after the prosecutor's response is served. These deadlines shall be extended for good cause. After the parties have had an opportunity to submit briefings, the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause. If the court declines to make an order to show cause, it shall provide a statement fully setting forth its reasons for doing so."

"If the trial court determines that a prima facie showing for relief has been made, the trial court issues an order to show cause, and then must hold a hearing 'to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same

6

manner as if the petitioner had not . . . previously been sentenced, provided that the new sentence, if any, is not greater than the initial sentence.' ([§ 1172.6], subd. (d)(1).)" (*Lewis*, *supra*, 11 Cal.5th at p. 960.) At the hearing, the parties may rely on the record of conviction or present "new or additional evidence" to support their positions, and "the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is guilty of murder . . . under California law as amended by the changes to Section 188 or 189 made effective January 1, 2019." (§ 1172.6, subd. (d)(3).)

## II. Analysis

As mentioned above, the trial court denied relief upon making the factual determination that Lavera should be punished for both murders on two independent grounds: (1) as a major participant in the robberies who acted with reckless indifference to human life; and (2) as a direct aider and abettor who acted with the intent to kill. Lavera first argues the trial court was barred under principles of issue preclusion from denying relief based on a factual finding that he aided and abetted the murders with the intent to kill. We need not address this contention. Even assuming the trial court was barred from denying Lavera relief on the basis that he aided and abetted with the intent to kill, the court denied relief on a separate proper basis – its factual determination that Lavera was a major participant in the robberies who acted with reckless indifference to human life. (See § 189, subds. (a) & (e)(3).) Notably, Lavera does not argue this factual determination was unsupported by substantial evidence. And, as the Attorney General points out, the record contains substantial evidence from which a reasonable trier of fact could conclude Lavera was a major participant who

7

acted with reckless indifference to human life.[5] Any purported error by the trial court in finding Lavera ineligible for relief as an aider and abettor who acted with the intent to kill was therefore harmless.

Lavera next argues reversal is required because the trial court, in making its factual findings, erroneously applied a standard of proof akin to substantial evidence review. In support of this contention, Lavera asserts the trial court's written ruling contained several statements (including "could" or "would" language, or references to "sufficient evidence") implicating a sufficiency of the evidence standard. We reject his contention. At the hearing, the trial court stated: "[T]he People's burden is beyond a reasonable doubt to prove ineligibility for relief at the hearing." In its written ruling, the court stated: "[P]ursuant to *People v. Rodriguez* (2020) 58 Cal.App.5th 227 [(*Rodriguez*)], it was the People's burden of proof at the hearing to show [Lavera]

---

5    In support of its conclusion that Lavera was a major participant who acted with reckless indifference life, the trial court explained: "When analyzing [Lavera's] role in these crimes . . . , it is indisputable that he falls at the higher end . . . of the spectrum closer to an actual killer. He helped plan the robberies, he obtained ammunition for the murder weapon, he was armed in [one of the two incidents] and was present at both crime scenes and actively participated in both incidents, he was aware the other participants were armed and that a co-defendant had killed before. He did nothing to stop the killing of either victim. After the killings [Lavera] fled [in a car] with . . . the co-defendants as passengers, to a location where it was abandoned, wiped the car for fingerprints and disposed of Mr. Thompson's wallet. He shared in the proceeds of the Thompson incident."

was ineligible for relief beyond a reasonable doubt."[6] Applying this correct standard, the court ultimately concluded: "There is no doubt in this court's mind that the petitioner was a major participant in these robberies and murders and that he acted with complete indifference to those innocent human beings . . . ." The record also shows that the trial court weighed the evidence as an independent finder of fact. For example, the court assessed Lavera's testimony that he used a toy gun during the robbery and murder of Thompson, and ultimately concluded Lavera's testimony was "self-serving" and thus not credible. For these reasons, we reject Lavera's contention that the court erroneously applied a standard akin to substantial evidence review. It is clear from the record that the trial court acted as an independent factfinder and applied the correct standard.

Lavera next argues reversal is required because the trial court denied the petition based on an erroneous conclusion that the jury found he personally used a gun in the robbery and murder of Thompson. We are not persuaded. It is true that the trial court appeared to be operating under a misapprehension that the jury found Lavera was armed, when in fact the jury found that a principal was armed. However, it is clear that the trial court, independent of its perception of what the jury found,

---

6      Although the Supreme Court has since ordered *Rodriguez* vacated and depublished due to the enactment of Senate Bill No. 775, it nonetheless remains the case that *Rodriguez*'s holding, which the trial court in this case relied upon, was legally correct – namely that the proper standard of proof at a section 1172.6, subdivision (d) hearing is not substantial evidence, but rather whether the prosecution has proven ineligibility for relief beyond a reasonable doubt. (*Rodriguez, supra,* 58 Cal.App.5th at pp. 243-244.)

made its own separate factual determination that Lavera was not credible when he offered "self-serving" testimony that the gun was a toy. The trial court thus correctly acted as an independent finder of fact in concluding Lavera was armed with a real gun, and properly used this factual finding to support its conclusion that Lavera acted as a major participant with reckless indifference to human life. Accordingly, the purported error was harmless under both *People v. Watson* (1956) 46 Cal.2d 818, 836 (*Watson*) and *Chapman v. California* (1967) 386 U.S. 18, 24 [87 S.Ct. 824, 17 L.Ed.2d 705] (*Chapman*).

Lavera next contends the trial court erred by relying on inadmissible evidence in denying the petition. In raising this argument, Lavera points to the trial court's ruling that it was appropriate to consider hearsay evidence from co-defendant Carter, as recounted by an investigating officer at Lavera's preliminary hearing, stating Lavera provided ammunition for the murder weapon prior to the commission of the robberies/murders. Even assuming the trial court had erred in ruling this evidence admissible, the purported error was harmless under both *Watson* and *Chapman*. The court clearly stated although it was considering that evidence, its "decision would not change if th[e] evidence were not available to it as part of the record."

Lavera lastly argues the denial of his petition should be reversed due to the cumulative effect of all the purported errors. We reject this contention. As discussed above, with respect to each argument Lavera has raised on appeal, he has failed to demonstrate prejudicial error. Moreover, the trial court, applying the correct standard of proof as an independent finder of fact, denied Lavera relief on the legally correct ground that the prosecution had proven beyond a reasonable doubt Lavera was a

10

major participant in the robberies who acted with reckless indifference to human life. Because the court decided the case on this correct ground, its order must be affirmed. (See *People v. Smithey* (1999) 20 Cal.4th 936, 972 ["""[A] ruling or decision, itself correct in law, will not be disturbed on appeal merely because given for a wrong reason. If right upon any theory of the law applicable to the case, it must be sustained regardless of the considerations which may have moved the trial court to its conclusion.' [Citation.]" [Citation.]"].)

## DISPOSITION

The order denying Lavera's section 1172.6 petition is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

CURREY, J.

We concur:

MANELLA, P.J.

WILLHITE, J.

11